Mark Mackin
Attorney at Law (#8290)
4703 Almosta Road
Helena, MT 59602
406-227-5237
mark@montanapropertylaw.com

Attorney to Plaintiffs

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MONTANA,
Great Falls Division**

SECOND AMENDED COMPLAINT -1-

| | |
|---|---|
| Glenn Eagleman; Theresa Small; and Celesia Eagleman;<br><br>            Plaintiffs,<br>v.<br>ROCKY BOYS CHIPPEWA-CREE TRIBAL BUSINESS COMMITTEE or COUNCIL Richard Morsette, Chairman, Chippewa-Cree Tribal Appellate Court, Chief Justice Toriann Donahoe, Chippewa-Cree Housing, and Donna S. Hay, in her capacity as Director; Donna S. Hay, individually; Thela Billy, in her capacity as an employee of CCH; Thela Billy, individually; Chippewa-Cree Water Resources Department / Utilities, and James Morsette, in his capacity as Director; Chippewa-Cree Public Works Department, and Timothy Rosette, Sr., in his capacity as Director; Chippewa Cree Health Center, and Fawn Tadio, in her capacity as CEO; Una Ford, R.N., in her capacity as an | CIVIL ACTION NO.: 14-73-cv-0073-BMM<br><br><br>**SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF** |

| | |
|---|---|
| (CONTINUED) employee of Chippewa-Cree Health Center; Chippewa Cree Environmental Health Division, and Tim Rosette, in his capacity as Division Chief; John Does or entities, 1 - 12, yet to be named,<br>            Defendants. | |

**PRELIMINARY STATEMENT**

1. Plaintiffs Celesia Eagleman (Celesia) and Theresa Small (Theresa) suffered personal injuries when Glenn Eagleman's (Glenn) home blew up in a gas explosion related to negligent oversight and workmanship by Chippewa Cree Housing Authority (CCHA) , a corporation established by tribal business committee ordinance, and other defendant individuals and organizations. Glenn was not injured but lost his house that he had contracted to purchase from CCHA.  All three Plaintiffs lost their personal belongings and records. The house was completely destroyed and the CCHA ordered it demolished. The contractor chosen by the CCHA buried the home into the foundation instead of taking the debris to the landfill as required. Insurance money dedicated to replacement of the house was diverted by CCHA for another purpose.

2. After an attempt to open negotiations, Plaintiffs collectively sued CCHA, other organizations involved in the siting and building of the home, and various individuals, in an individual or official capacity, or both, in the Chippewa-Cree Rocky Boys Tribal Court. The Defendants moved to dismiss the suit based on various defenses, including tribal sovereign immunity, and the motion to dismiss was granted by the tribal court. Mike Morsette had not been served at this time. Although not served, Una Ford may have been represented by counsel for the health authority and may have appeared through counsel, but no record has been made.

3. A collateral civil action against the CCHA's insurance provider, Amerind, was filed by Plaintiffs in tribal court, and that action is stayed pending proceedings on the underlying case.

4. Plaintiffs appealed the Order to Dismiss. It was upheld by the tribal appellate court.

5. Plaintiffs complained to the Tribal Business Committee (Council) which denied any recourse. Plaintiffs then sent a letter to the tribal counsel stating that they had exhausted all tribal remedies.

6. In the interim, Plaintiffs have attempted to negotiate a resolution with Defendants but some months after opening negotiations Defendants no longer responded.

7. Plaintiffs request that the district court declare the tribal appeals court application of tribal sovereign immunity to be invalid because,

    a. first, Glenn had a contract with CCHA and had so alleged, and even under the reasoning of the tribal appeals court opinion, should have been remanded back to tribal court for trial, and,

    b. second, because the tribal appeals court improperly interpreted the "sue and be sued" clause in the incorporation documents of the CCHA, and found that the CCHA had tribal sovereign immunity from suit by non-contractual parties. With that, Celesia Eagleman, citizen of the Rocky Boys Reservation, and Theresa Small, a citizen of the Fort Belknap Reservation, were left without any remedy for their injuries in any court.

8. The tribe is sued as a co-defendant because the appeals court is subordinate to the tribe and several Defendant organizations may or may not have similar relationships with the tribe as with the CCHA and a definitive decision as to those relationships would be judicially efficient.

9. The tribal appeals court is sued because an Order is sought over-riding the tribal appeals court Order affirming dismissal and remanding the case back to tribal court for trial as to all Plaintiffs and on all counts alleged in their tribal court complaint.

10. Plaintiffs request a declaratory ruling as to the validity of the tribal appeals court opinion and order which put them out of court, including a decision as to interpretation of the "sue and be sued" clause and an injunction against further application of tribal sovereignty to the case, and an injunction against further unreasonable delay or inaction in tribal court process, including service of process and hearings.

**JURISDICTION AND VENUE**

11. Tribal sovereign immunity is a federal question and the waiver of tribal sovereign immunity is subject to review in the federal courts under 28 U.S.C. § 1331.

12. Venue is appropriate because the three Plaintiffs, the Defendant organizations, and all or most of the individual Defendants reside on the Rocky Boys Chippewa Cree, or within Hill County, in the Great Falls Division of the State of Montana.

**PARTIES**

13. The Tribal Business Committee/Council and all of the Defendant organizations are located in Hill County on the Rocky Boys Chippewa-Cree Reservation. The Defendant organizations are corporations or organizations established by the Council.

14. The Defendant Tribal Appellate Court Justice Torian Donahoe and Council Chairman Richard "Rick" Morsette are sued in their official capacity only. All of the Defendant officials in the underlying case reside on the Reserve or in Hill, Blaine, or Chouteau County, Montana.

15. Chairman Morsette is a citizen of the Reserve, the State of Montana, and the United States. Justice Donahoe is a citizen of the State of Montana and the United States.

16. Plaintiff Glenn Eagleman resides on the Reserve, and Plaintiffs Theresa Small and Celesia Eagleman reside in Havre, the State of Montana, all in Hill County. Glenn and Celesia are citizens of the Reserve, Montana, and the United States. Theresa is a citizen of Fort Belknap Reservation, the State of Montana, and the United States.

**EXHAUSTION**

17. All tribal administrative, court, and Council remedies have been exhausted.

## STATEMENT OF FACTS

18. On April 17, 2007, Celesia Eagleman and Theresa Small were lawfully residing and present in Glenn Eagleman's house on the Rocky Boys Reserve when it exploded.

19. On April 24, 2009, Plaintiffs filed Chippewa-Creee Tribal Court Case No. 2009-CV-TT-675, alleging negligence by all of the Defendants and intentional acts by some. The Complaint is attached as *Exhibit A*.

20. Defendants, represented by tribal counsel and counsel for Amerind Risk Management Corporation or other insurers, moved to dismiss the case.

21. Plaintiffs responded and argued that they should have discovery as to the Defendant organizations prior to any decision on grounds of sovereign immunity.

22. On July 2, 2009, trial court Judge Joel Rosette decided on briefs and dismissed the case. The Order to Dismiss is attached as *Exhibit B*.

23. On May 12, 2009, Plaintiffs filed their notice of appeal to the Chippewa-Cree Tribal Appellate Court.

24. After briefing, Appellate Court Justice Toriann Donohoe heard argument on the appeal.

25. On October 7, 2011, Justice Donohoe issued her Opinion and Order upholding the tribal court, and on October 11, 2011, Justice Donohoe added an Order to her decision, with a finding that dismissal against Mike Morsette was erroneous. On October 26, 2011, Plaintiff's counsel received the Opinion and Order by mail. A copy of the appellate Opinion and Orders is attached as *Exhibit D*.

26. The Appellate Court decided that tribal Ordinance 3-63 that created the CCHA and allows the CCHA to "sue and be sued", still prevents anyone without a contract with the CCHA from suing the CCHA because it retained sovereign immunity and the CCHA had not waived immunity from suit as to any of the Plaintiffs by executing a contract with them. The subject Ordinance is attached as *Exhibit C*.

27. Justice Donahoe did not rule upon the other grounds for dismissal referenced by the trial court in its Order to Dismiss.

28. Glenn had alleged in his tribal court Complaint that he had contracted with the CCHA for a house. He also alleged that the authority had insurance which was supposed to replace the house, and that the insurance money was received by the CCHA but used for another purpose, leaving him homeless. *See Complaint, Exhibit A*.

29. All Plaintiffs had alleged that tribal sovereign immunity had been waived. *Ex. A*.

30. On November 28, 2011, the Tribal Business Committee affirmed the appellate court decision and denied any non-judicial remedy or review. Plaintiffs sent a letter to the attorney for the Tribal Business Committee to verify that all tribal and administrative remedies had been exhausted. Copies of the letters are attached as *Exhibit E*.

31. In February of 2013, the parties discussed negotiations toward settlement and Plaintiffs prepared to better establish the basis for medical damages. Negotiations fizzled in the summer of 2013 and have not been renewed.

32. Plaintiffs incorporate the attachments filed with the initial Complaint, Exhibits A through F, as exhibits to this Complaint, with the sole change of referencing Ex. C as Ex. D, and vice versa.

**INJURIES**

33. The Plaintiffs have been denied due process because they were denied preliminary discovery to discover documents to establish that the tribe had waived sovereign immunity.

34. Under the tribal appellate court ruling, Plaintiffs Theresa and Celesia have been deprived of any practical remedy for their injuries, which they allege

were the direct result of negligence by the CCHA and other Defendants, and intentional acts by some Defendants.

35. The tribal appellate court mis-construed a question of federal law when it decided that without a contract with the authority, tribal sovereign immunity had not been waived by the Tribe or CCHA as to any of the Plaintiffs.

36. Other organizations named as Defendants may also claim tribal sovereign immunity, and sequentially delay resolution of the case.

37. The Plaintiffs were all deprived of their right to a fair trial by mis-application of the rule of tribal sovereign immunity to their case, or misinterpretation of the ordinance creating the corporation, or oversight, which led the tribal appeals court to uphold the order of dismissal.

38. Title 28 U.S.C. §§ 2201 and 2202 establish a remedy of declaratory judgment, without restricting further relief where appropriate.

## CAUSES OF ACTION

39. **Declaratory Judgment.** Plaintiffs request a declaratory judgment on the validity of dismissal of each Plaintiff's case at law on grounds of tribal sovereign immunity as to each Defendant in addition to CCHA.

40. Plaintiffs further request that the District Court remand their case back to the tribal court for re-decision.

SECOND AMENDED COMPLAINT                                                        -11-

41. **Injunction.** Plaintiffs request that the tribe be enjoined from applying tribal sovereign immunity to the other Defendants before Plaintiffs have had discovery on that issue. Plaintiffs request that the Defendants be enjoined from preventing or obstructing Plaintiffs access to documents that could establish waiver of sovereign immunity, and from further unreasonable delay in court process.

**REQUEST FOR RELIEF**

42. Plaintiffs request a declaratory ruling as to the validity of the tribal appeals court opinion and order which put them out of court, including a review of the tribal trial and appellate court interpretation of the "sue and be sued" clause in the CCHA formation ordinance.

43. Plaintiffs request that this Court hear whether tribal sovereign immunity applies to the Defendant organizations, officers, and individuals named as Defendants in order to avoid further delay related to obtaining documents and re-litigating tribal sovereign immunity as to each Defendant.

44. Plaintiffs request an injunction against further application of tribal sovereignty to the case where decided here.

45. Plaintiffs request an injunction against further unreasonable delay or inaction in tribal court process, including service of process and hearings.

46. Plaintiffs Request a declaratory ruling that all tribal and administrative proceedings as conditions precedent to suit in this or in tribal court have been exhausted.

47. And all other relief as may be just in law or equity.

DATE: MAY 13, 2015

/s/ Mark Mackin
Mark Mackin, attorney to the Plaintiffs.

Mark Mackin
Attorney at Law
4703 Almosta Road
Helena, MT 59602
mark@montanapropertylaw.com
406-227-5237

Verification statements of the Plaintiffs are in *Exhibit F*.

**DECLARATION OF MARK MACKIN**

I, Mark A. Mackin, declare as follows:

1. I am attorney to the Plaintiffs in this case.

2. I filed the original tribal court Complaint as an associate in the law Office of Carl White.

3. I agreed to represent the Plaintiffs in tribal court after Carl White died and the firm was dissolved, and have acted for them since then.

4. I filed the Complaint and the Exhibits in support in this case.

5. Exhibits 1 - 4 are true copies of the named document as filed in tribal court and previously served upon the Defendants, each copied from the true copy in the case file.

6. Exhibit 5 is a true copy of correspondence from and to the tribal Business Committee, each letter copied from the true copy or original in the case file.

7. Exhibit 6 is a true copy of the original verification statements provided to me by Plaintiffs.

8. Exhibits 1 - 6 or A - F, as originally submitted by attachment in the initial Complaint are the same and incorporated here.  The designation of Exhibit C and Exhibit D have been switched in the Amended Complaint to reflect their actual labeling in the Exhibits as attached to the Initial Complaint.

9. I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.


_____/s/ Mark Mackin_____
Mark Mackin, Attorney to Plaintiffs